# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

JAMES RICHARDSON,)
)
        Plaintiff,)
v.)
) No. 5:16-06148-CV-RK
CAROLYN COLVIN, ACTING )
COMMISSIONER OF SOCIAL )
SECURITY[1];)
        Defendant.)

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED in part** and **REVERSED in part**.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *KKC v. Colvin*, 818 F.3d 364, 374 (8th Cir. 2016) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [Commissioner's] conclusion." *Gann v. Berryhill*, 864 F.3d 947, 950 (8th Cir. 2017). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the ALJ's decision." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2016) (quoting *Perkins v. Asture*, 648 F.3d 892, 897 (8th Cir. 2011). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis v. Apfel,* 239 F.3d 962, 966 (8th Cir. 2001). The Court does not re-weigh the evidence presented to the ALJ. *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court should "defer heavily to the findings and conclusions of the

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however for consistency purposes, the case style in this legal action remains as originally filed.

[Commissioner]." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quotation and citation omitted).

## Discussion

By way of overview, the ALJ determined the Plaintiff has the following severe impairments: posttraumatic stress disorder ("PTSD"), anxiety disorder, history of bipolar disorder, status post cervical fusion, major depressive disorder, degenerative disc disease of the cervical and lumbar spine, left shoulder degenerative joint disease, obstructive sleep apnea, and obesity. The ALJ also determined the Plaintiff has the following non-severe impairment: bilateral sensorineural hearing loss. However, the ALJ found that none of the Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite the Plaintiff's limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with limitations. Although the ALJ found the Plaintiff unable to perform any past relevant work, the ALJ found there are jobs that exist in significant numbers in the national economy the Plaintiff can perform.

On appeal, the Plaintiff raises the following arguments in support of reversing the ALJ's decision: (1) whether the ALJ afforded proper weight to treating psychiatrist Dr. Pattison's medical opinion and limitations, and (2) whether the ALJ properly assessed Plaintiff's credibility.

Substantial evidence does not support the ALJ's weighing of Dr. Pattison's medical opinion and the corresponding omission of Dr. Pattison's limitations in the RFC determination. The ALJ awarded Dr. Pattison's opinion some weight and properly discounted two of Dr. Pattison's limitations.[2] However, the ALJ failed to include or explain the omission of Dr. Pattison's remaining limitations in his medical opinion. *See Trotter v. Colvin*, 2015 WL 5785548, at *3 (W.D. Mo. Oct. 2, 2015) (remand was required when the ALJ gave the opinion some weight but did not provide any explanation for omitting portions of the opinion); *White v. Astrue*, 2012 WL 930840, at *7 (W.D. Mo. March 19, 2012) (the ALJ erred when the ALJ gave weight to doctor's opinion but did not include the doctor's limitations in the RFC or explain the omission); *Woods v. Astrue,* 780 F. Supp. 2d 904, 913-14 (E.D. Mo. Jan. 26, 2011) (remand was

---

[2] The two limitations the ALJ discounted were: (1) the Plaintiff would be off task twenty percent of the day, and (2) the Plaintiff would miss four days of work per month.

required when the ALJ provided weight to the treating physician's opinion, but disregarded the physician's limitations without explanation).

First, the ALJ did not include Dr. Pattison's limitation that Plaintiff has a marked difficulty in maintaining attention and concentration for extended periods of time. The Defendant argues this limitation is accounted for in the RFC because the ALJ limited Plaintiff's RFC to "simple, routine, repetitive tasks." However, in doing so, the ALJ only addressed the complexity of the task and failed to address Dr. Pattison's limitation regarding concentration.[3] *See Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (even a moderate deficiency in the areas of concentration and persistence would cause hardship in any employment). Second, the ALJ did not include or explain the omission of Dr. Pattison's moderate limitation on Plaintiff's ability to interact with others, specifically the Plaintiff's ability to respond to criticism from supervisors. Defendant argues this limitation is incorporated into the RFC because the RFC limits Plaintiff to only occasional interaction with supervisors. However, the ALJ does not explain how limited interaction with supervisors incorporates Dr. Pattison's limitation regarding Plaintiff's ability to respond to criticism. Third, the ALJ's RFC determination is silent on Dr. Pattison's limitation regarding Plaintiff's limited ability to respond to changes in the work setting. The ALJ erred because Dr. Pattison's limitations were not included in the RFC, nor their omission explained.

Turning to Plaintiff's last argument, the Court finds that substantial evidence supports the ALJ's assessment that Plaintiff's subjective complaints were not fully credible. *See Pelkey v. Barnhart*, 433 F.3d 575, 579 (8th Cir. 2006) (an ALJ's credibility determination is given substantial deference as long as supported by good reasons and substantial evidence); *Perkins v. Astrue,* 648 F.3d 892, 899-900 (8th Cir. 2011) (A history of limited and conservative treatment undermines allegations of disabling symptoms); *McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (substantial evidence supports ALJ in finding the plaintiff not disabled where plaintiff was not restricted in daily activities). Accordingly, there is substantial evidence in the record to support the ALJ's finding that Plaintiff's credibility was lacking. *See Bernard v. Colvin,* 774 F.3d 482, 489 (8th Cir. 2014).

---

[3] Every job requires the ability to maintain concentration and attention for at least two hours at a time. POMS DI § 22020.010. "The ability to maintain attention for extended periods of two-hour segments is critical for performing unskilled work." *Id.* at 25020.010 B.3.

On remand, the ALJ should reevaluate the weight assigned to Dr. Pattison's opinion. If the ALJ determines that Dr. Pattison's limitations should be disregarded, the ALJ should provide specific, reasoned explanations for that decision.

**Conclusion**

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court **AFFIRMS in part and REVERSES in part** the Commissioner's decision.

**IT IS SO ORDERED.**

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: December 18, 2017